IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                          No. CIV S-07-2514 FCD EFB

    vs.

CARL KARCHER ENTERPRISES, INC., et al.,

        Defendants.              <u>ORDER</u>
_____/

        On March 25, 2009, this court heard defendants' motion to compel plaintiff to provide further deposition testimony, and for sanctions. The court has construed plaintiff's opposition as a motion for protective order. For the reasons stated on the record, and as set forth herein, the court makes the following order.

        As described by defendant, the thirty-nine disputed deposition questions encompass six topics.

        The first group of questions, which seeks information about other lawsuits plaintiff has filed or participated in, is discoverable as relevant to test plaintiff's recollection of the barriers he encountered at defendant public accommodation, and to validate his standing to challenge those barriers.

////

The second group of questions, concerning plaintiff's discussions with others regarding this lawsuit, is also discoverable. Consistent or inconsistent statements plaintiff may have made to others concerning his allegations in this action are relevant and admissible. Fed. R. Evid. 801(d).

The third group of questions, concerning the accommodations at plaintiff's home, are no more than marginally relevant to plaintiff's experience in encountering the public barriers challenged in this action. They need not be answered. Moreover, plaintiff has already answered many of these questions, rendering this matter moot.

The same reasoning applies to the fourth group of questions, which asks plaintiff to identify and describe the people with whom he lives and works, and whose services he retains. These questions will not be allowed.

The fifth group of questions, concerning plaintiff's experience as an ADA expert, will also be denied. Defendant's argument that this information is relevant to determining whether plaintiff in fact encountered a barrier at defendant public accommodation, or merely noted a technical violation of regulations, is non-availing.

The last group of questions seeks information about plaintiff's income, including that derived from disability access lawsuits. Defendant argues that financial motive is relevant to witness bias. However, plaintiff concedes that he has a financial motive in pursuing this case, as well as correcting access barriers in public accommodations. Plaintiff's "bias" is transparent, and further inquiry into his financial affairs to prove this point is both unnecessary and irrelevant to the merits of this action.

Accordingly, no further deposition testimony will be permitted except as to the first two topics, which seek information about other lawsuits plaintiff has filed or in which he has participated, and plaintiff's discussions with third parties regarding this lawsuit.

Defendant's request for monetary sanctions is denied.

////

Finally, as stated at the hearing, plaintiff is admonished that in the future he must comply with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 30(c)(2), regarding the proper manner in which to lodge objections to deposition questions.[1]

For the foregoing reasons, it is ORDERED that defendant's motion to compel further deposition testimony, Dckt. No. 11, is granted in part and denied in part.

IT IS SO ORDERED.

DATED: March 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Fed. R. Civ. P. 39(c)(2) provides: "An objection at the time of the examination — whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition — must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit]."

3